UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALMIGHTY BLACKSTONE,

Plaintiff,

v.

SHERYL RAMSTAD HVASS,
JAMES H. BRUTON, R. MOORE,
SGT. BRAUM, SGT. SCHOEPKE,
TODD WHIPS, D. KNUTSON,
JUSTIN RUTTEN, DEAN FROJKER,
K. NEILY, B. RIVERS, J. RICKER,
M. PANTERA, JIM HANSON,
STEVE McCARTY, ART HOLT,
WAYNE JOYCE and MARK DJORICK,

Defendants.

CIVIL NO. 01-451 (DSD/JGL)

REPORT AND RECOMMENDATION

Plaintiff, a prisoner of the State of Minnesota, has filed a complaint alleging that Defendants violated his federal constitutional rights while he was confined at the Minnesota Correctional Facility in Oak Park Heights, Minnesota, ("MCF-OPH"). The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted as to Defendants Sheryl Ramstad Hvass, James H. Bruton, R. Moore, Sgt. Braum, Sgt. Schoepke, Todd Whips, D. Knutson, Justin Rutten, K. Neily, B. Rivers, J. Ricker, Jim Hanson, Wayne Joyce, and Mark Djorick. It will therefore be recommended that the action be dismissed as to those Defendants.

FILED MAR 16 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

Plaintiff alleges that his federal constitutional rights were violated during the course of three incidents that occurred at MCF-OPH within the past year. The first such incident occurred on July 2, 2000, when Defendant R. Moore summoned several other correctional officers to Plaintiff's cell and told them that Plaintiff had testified at a recent trial involving a former MCF-OPH inmate. The officers who were present at the time included Defendants Sgt. Braum, Sgt. Schoepke, Dan Knutson, Todd Whips, Justin Rutten and K. Neily. It is alleged that several of the officers who were present "physically assaulted Plaintiff by repeatedly punching him until he fell to the floor," and "repeatedly kicked Plaintiff, while making racially derogatory statements." However, the complaint does not identify which, if any, of the named Defendants participated in the alleged assault.

The second incident occurred in September or October of 2000, when Defendants Dean Frojker, Brenda Rivers, Joseph Ricker, Mike Pantera, Jim Hanson and Steve McCarty came to Plaintiff's cell. They ordered Plaintiff to kneel in front of his cell door and place his hands through the food tray slot so he could be hand-cuffed. Plaintiff alleges that after the handcuffs were in place, Defendant McCarty "violently jerked Plaintiff[']s hands through the tray slot causing Plaintiff extreme and unnecessary pain." Thereafter, some unidentified officers entered Plaintiff's cell and confiscated his personal property. While Plaintiff was still kneeling on the floor, Defendant Frojker allegedly "kicked Plaintiff in the back and violently stomped on Plaintiff[']s left calf."

The third incident occurred a month or two later, when Defendants Art Holt, Wayne Joyce and Mike Pantera entered Plaintiff's cell. Holt and Joyce allegedly made

derogatory remarks about Plaintiff, which included racial epithets, and then Holt and Pantera "began to assault Plaintiff by kicking him in the back and side." It is further alleged that Holt "grabbed Plaintiff by the back of his head and repeatedly slammed it to the wall and floor." As a result, Plaintiff suffered injuries to his head and face, for which he sought medical care. Plaintiff's requests for help allegedly were ignored, however, and a few days later Defendants Holt, Joyce and Pantera allegedly returned to Plaintiff's cell and threatened to beat him again.

Plaintiff is now seeking relief under 42 U.S.C. § 1983, presumably for alleged violations of his Eighth Amendment rights. He is asking the Court for an injunction that would cause him to be transferred from MCF-OPH to some other prison. He is also seeking compensatory damages and punitive damages from each named Defendant.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from various government employees, his pleading must be screened in accordance with the procedures prescribed by 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1). Here, the action must be dismissed as to several of the Defendants, because Plaintiff's complaint fails to state

any actionable claim against them.

To state an actionable § 1983 claim, the complaint must allege facts showing each "individual defendant's personal involvement or responsibility" for the alleged violations of the plaintiff's constitutional rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (emphasis added). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). In other words, the complaint must set forth specific factual allegations showing what each individual defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). In this case, Plaintiff's complaint fails to state an actionable § 1983 claim against Defendants Sheryl Ramstad Hvass, James H. Bruton, R. Moore, Sgt. Braum, Sgt. Schoepke, Todd Whips, D. Knutson, Justin Rutten, K. Neily, B. Rivers, J. Ricker, Jim Hanson, Wayne Joyce, and Mark Djorick, because there are no factual allegations describing anything that those particular Defendants did or failed to do that could be viewed as a violation of Plaintiff's Eighth Amendment rights.

Plaintiff's complaint barely even mentions Defendants Ramstad Hvass and Bruton, and there certainly are no allegations suggesting that either of them violated Plaintiff's constitutional rights. Evidently Plaintiff is seeking to hold these two Defendants vicariously liable, based on the alleged misconduct of some of their subordinates. However, it is well-settled that government officials cannot be held liable under the doctrine of respondeat superior in § 1983 actions. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). To state an actionable § 1983 claim against Ramstad Hvass and Bruton, there would have to be factual allegations showing that they personally violated Plaintiff's constitutional rights. Because no such allegations are included in Plaintiff's complaint, he has not pleaded a viable civil rights claim against either Ramstad Hvass or Bruton.

Plaintiff has likewise failed to plead an actionable claim against Defendants Moore, Braum, Schoepke, Whips, Knutson, Rutten, or Neily, because he has not adequately described what any of those Defendants allegedly did (or failed to do) that violated his constitutional rights. The complaint indicates that those Defendants were present during the assault that allegedly occurred in July 2000, but it does not indicate what role, if any, each of those individual Defendants allegedly played in the assault. Plaintiff cannot contend that he was unaware of the need to include factual allegations describing the specific wrongful acts or omissions of each named Defendant, because the form he used to prepare his pleading specifically informed him that he must "[d]escribe how each individual defendant is personally involved, including dates places and specific wrongful acts of each defendant" (Complaint, § IV; first emphasis in the original form; second

emphasis added.) Despite this clear instruction, Plaintiff's "statement of claim" does not attribute any specific act or omission to Defendants Moore, Braum, Schoepke, Whips, Knutson, Rutten, or Neily. The complaint alleges only that they were present when an assault allegedly occurred; it does not allege that any of them were actually involved in the alleged assault.[1] Therefore, the complaint fails to state a claim for relief against any of them.

The complaint also fails to state a claim against Defendants Rivers, Ricker, and Hanson. Those defendants allegedly were present during the second incident described in the complaint, but again, there are no factual allegations suggesting that any of them did anything that violated Plaintiff's constitutional rights. The complaint does allege that Defendant McCarty injured Plaintiff by jerking his hands through the food tray slot and Defendant Frojker "stomped on Plaintiff's calf," and (at least for now) Plaintiff will be allowed to pursue his claims against those two Defendants based on those allegations. However, there are no allegations suggesting that Defendants Rivers, Ricker or Hanson played any active role in the second assault described in the complaint. Therefore, Plaintiff has failed to plead an actionable Eighth Amendment claim against those three Defendants.

Finally, Plaintiff has failed to plead an actionable claim against Defendants Djorick or Joyce. Djorick allegedly "threatened" Plaintiff on one occasion, but there are no allegations suggesting that he ever caused any harm to Plaintiff. Joyce allegedly was

---

[1] The complaint alleges that only "several of the officers" were involved in the assault, which implies that some of the named Defendants were not involved. While Plaintiff might have an actionable claim against those individuals who were involved, he has not identified who those individuals are.

present during the third incident described in the complaint, when Defendants Holt and Pantera allegedly assaulted Plaintiff, but according to the complaint, he did no more than verbally harass Plaintiff. See Martin v. Sargent, 780 F.2d at 1338 (abusive language and/or verbal harassment, is not, by itself, unconstitutional, and will not support a § 1983 cause of action); Doe v. Gooden, 214 F.3d 952, 955 (8th Cir. 2000) (same). While Plaintiff should be allowed to pursue his claims against Holt and Pantera, the action should be dismissed as to Joyce because the complaint does not indicate that he played any active role in the alleged physical assault.

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's complaint fails to state any actionable § 1983 claim against Defendants Sheryl Ramstad Hvass, James H. Bruton, R. Moore, Sgt. Braum, Sgt. Schoepke, Todd Whips, D. Knutson, Justin Rutten, K. Neily, B. Rivers, J. Ricker, Jim Hanson, Wayne Joyce, and Mark Djorick. It will therefore be recommended that the action be dismissed as to those Defendants pursuant to § 1915(b)(1). The Court will defer any ruling on the adequacy of Plaintiff's allegations against the remaining Defendants named in this action, (i.e., Steve McCarty, Dean Frojker, Mike Pantera, and Art Holt), and Plaintiff will be allowed to pursue his claims against those Defendants for now.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims against Defendants Sheryl Ramstad Hvass, James H. Bruton, R. Moore, Sgt. Braum, Sgt. Schoepke, Todd Whips, D. Knutson, Justin Rutten, K. Neily, B. Rivers, J. Ricker, Jim Hanson, Wayne Joyce, and Mark Djorick be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2. Plaintiff's claims against the remaining Defendants be allowed to proceed at this time, without prejudice to any defenses that such Defendants may later seek to raise.

Dated: March ___, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by April 3, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.